UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN HOLMES SR.,

                          Plaintiff,

          -against-                                22-CV-9301 (LTS)

NEW YORK STATE DEPARTMENT OF                       ORDER TO AMEND
MOTOR VEHICLES,

                          Defendant.

LAURA TAYLOR SWAIN, Chief United States District Judge:

          Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity of

citizenship jurisdiction, alleging violations of his "disability rights." (ECF 2 ¶ I.) By order dated

October 31, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that

is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to

file an amended complaint within 60 days of the date of this order.

                              **STANDARD OF REVIEW**

          The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

          While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough

facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow

the Court to draw the inference that the defendant is liable for the alleged misconduct. In

reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true

"[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal

conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely

possible – that the pleader is entitled to relief. *Id*

## BACKGROUND

Plaintiff, a Bronx resident, filed this action against the New York State Department of

Motor Vehicles (DMV). The factual allegations in Plaintiff's complaint consist in their entirety

of the following:

> Department of Motor Vehicle know that I have this condition the New York law
> know that I have this condition. But the police of New York see my car they stop
> my car I had disabled plate the plate number was 628927D Expires on 4/19/21
> and the plate number was 135340W I am cardiac patient with high blood pressure
> sugar diabetes chronic asthma lower back infection out of all the time the police
> stop me they never asked me if I was okay I am back and forth out of the hospital.
> This is Washington DC give me special privilege for all 52 state. I have document
> supporting this matter I don't know why New York State wants to stop me with
> this car I had to get rid of the car I have furniture in South Carolina in the storage
> I need my orthopedic bed. This is why I'm bringing a complain[t] on State of

New York and City of New York. I have documents from Washington DC say that
I can bring a complaint against the State of New York.

(ECF 2 ¶ III.) Plaintiff seeks $35,000 "for the harassment and tickets and pay rent for the

storage." (*Id.* ¶ IV.)

Attached to the complaint are Plaintiff's medical records (*id.* at 9-15), and documents

from the South Carolina Department of Motor Vehicles, including: (1) Plaintiff's Disabled

Persons Parking Identification Placard; (2) a 2017 notice of a $65 fine arising from a lapse in

Plaintiff's car insurance coverage; (3) three 2019 notices that Plaintiff's South Carolina license

had been suspended for failing to pay fines for moving violations; and (4) Plaintiff's application

for a replacement South Carolina driver's license, which is dated April 12, 2022. (ECF 2 at 16-

25.) There is also a list of numbers that may be additional traffic violations from 2016, 2017, and

2018, but it is not clear where they were issued or for what type of infractions. (ECF 2 at 8.)

## DISCUSSION

### A.      Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth

generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available

only when a "federal question" is presented or when plaintiff and defendant are citizens of

different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

common ground that in our federal system of limited jurisdiction any party or the court *sua

sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.

CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway

Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### 1.    Diversity of citizenship jurisdiction

Plaintiff invokes the Court's diversity of citizenship jurisdiction, but he does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. Section 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff, a New York resident, filed this complaint against a New York State agency. Because Plaintiff resides in New York and the named Defendant is a New York State entity, there is no diversity of citizenship.

### 2.    Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

**B.**     **Section 1983**

In light of Plaintiff's *pro se* status, the Court construes the complaint as asserting federal claims under 42 U.S.C. § 1983. To state a constitutional claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**1.**     **The named defendant**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.*; *see Feingold v. State of New York*, 366 F.3d 138, 149 (2d Cir. 2004) (holding that the plaintiff's § 1983 claim was "barred by the Eleventh Amendment because the DMV is a state agency"). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Any Section 1983 claims that Plaintiff seeks to bring against the DMV are therefore barred by the Eleventh Amendment and are dismissed. 28 U.S.C. § 1915A.

**2.**     **Other Potential Defendant – City of New York**

Although Plaintiff did not name the City of New York as a defendant, he states his intention to hold the City of New York liable for whatever occurred. (ECF 2 ¶ III.) When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must

show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

There are no facts in the complaint suggesting that a municipal policy, custom, or practice led or contributed to the any alleged violation of Plaintiff's federally protected rights. The complaint therefore fails to state a claim upon which relief may be granted against the City of New York. The Court grants Plaintiff leave to file an amended complaint to provide any additional facts in support of a municipal liability claim.

### 3.    Other Potential Defendants - Personal involvement and federal pleading rules

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020); *see also Iqbal*, 556 U.S. at 678-79 (holding that a plaintiff must plead "enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.")

As discussed above, Plaintiff's pleading does not name any proper Defendants under Section 1983. Moreover, Plaintiff fails to provide facts showing how any individual was personally involved in violating Plaintiff's constitutional or other federally protected rights. Moreover, it is not even clear exactly what occurred, and thus the complaint does not suggest that Plaintiff is entitled to relief. Plaintiff alleges that he is disabled, and that he had a license plate or placard that entitled him to special parking privileges. Plaintiff further asserts that New York City police officers unlawfully stopped his car, but he does not provide facts showing how those stops related to the parking placard or license plate, or why the stops were improper. Moreover, attachments to the complaint include citations for moving violations in South Carolina, and a list of numbers that appear to relate to other infractions, but it is not clear whether those infractions arose in New York or South Carolina or whether Plaintiff seeks to challenge them in some way.[1] (ECF 2 ¶ III and 21-23.)

---

[1] This court is likely not a proper venue for any challenge to events occurring in South Carolina. Under the general venue statute, 28 U.S.C. § 1391(b), a civil action may be brought in

> a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

The Court grants Plaintiff leave to file an amended complaint to provide facts to support his claims and address the deficiencies above. If Plaintiff seeks to sue police officers for improperly stopping his car, he must name those individuals as defendants, and provide sufficient facts to show that those individuals engaged in conduct that resulted in a violation of Plaintiff's federally protected rights.

### 4.    Due process claim

The Court liberally construes the complaint as alleging, under Section 1983, a violation of Plaintiff's right under the Fourteenth Amendment to procedural due process. To state a procedural due process claim, a plaintiff must "demonstrate that [she] possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law." *Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998); *see Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (citations omitted). Generally, when the deprivation at issue is pursuant to established state procedures, due process only requires some kind of hearing prior to a final deprivation of an individual's liberty or property interest. *See Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 299 (1981); *Rivera-Powell v. New York City Board of Elections*, 470 F.3d 458, 465 (2d Cir. 2006); *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

It appears that Plaintiff seeks to challenge penalties imposed in connection with traffic infractions. Numerous district courts in this Circuit have concluded that "the City's

---

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

administrative parking violations system, together with the judicial system of the State of New York, provide[ ] adequate pre-deprivation remedies, adequate post-deprivation remedies, and sufficient notice that such remedies were available." *Rackeley v. City of New York*,186 F. Supp. 2d 466, 482 (S.D.N.Y. 2002); *see also Yu Juan Sheng v. City of New York*, No 05-CV-1118 (RRM), 2009 WL 6871132, at *9 (E.D.N.Y. 2009) (holding that New York City's procedures for serving and filing summonses, and entering and enforcing judgments afford "adequate notice and an opportunity to be heard before [a] car [i]s seized."); *Jaouad et al., v. City of New York*, 4 F. Supp. 2d 311, 314 (S.D.N.Y. 1998) (an action under Article 78 of the New York Civil Practice Law and Rules provides constitutionally sufficient opportunity for recipients of defective summons for parking violation to be heard if administrative law judge did not vacate invalid ticket). Moreover, case law demonstrates that individuals have successfully challenged tickets issued in New York City through actions filed in state court under New York Civil Practice Law and Rules Article 78. *See Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 123 (E.D.N.Y. 2004) (listing cases).

If Plaintiff seeks here to challenge traffic infractions imposed in New York, he does not assert any facts suggesting that the process available to him is not sufficient to comport with his constitutional right to due process. Thus, even if Plaintiff asserted that a municipal policy, custom, or practice resulting in a violation of his constitutional rights, or named individuals who were personally involved in the alleged violations, he has failed to provide facts suggesting that his right to due process was violated. In an abundance of caution, and in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to replead his claims.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above.[2] Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-9301 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 28, 2022
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

---

[2] The Clerk of Court has placed Plaintiff's complaint in a "party-view only" status on the Court's CM/ECF database because he attached private medical records to his pleading. The Court directs Plaintiff to not include medical data or other sensitive information in any amended complaint that he files.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                          State              Zip Code

_____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State                Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                      State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.