UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENJAMIN HOLMES, SR, <br><br> Plaintiff, <br><br> -against- <br><br> NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, <br><br> Defendant. | 22-CV-9301 (LTS) <br><br> ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint for money damages, alleging that Defendant violated his rights. By order dated November 28, 2022, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on December 6, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

Plaintiff, a Bronx resident, filed this action against the New York State Department of Motor Vehicles ("DMV"). In its November 28, 2022 order, the Court set forth the factual allegations in Plaintiff's original complaint. (ECF 3.) The Court assumes familiarity with that order, and discusses the facts only briefly here.

According to Plaintiff, the DMV "knows" that he is a cardiac patient with high blood pressure, diabetes, and chronic asthma, but New York police officers regularly stop his car, which bears a "disabled plate," without asking if he is "okay." He has "special" driving privileges for every state, and he doesn't "know why New York State wants to stop me." Plaintiff had furniture stored in South Carolina that he needed, including an "orthopedic bed." He has documents stating that he can "bring a complaint against the State of New York." (ECF 2 ¶

III.) Attached to the complaint are medical records (*id.* at 9-15), and documents from the South Carolina Department of Motor Vehicles, including: (1) Plaintiff's Disabled Persons Parking Identification Placard; (2) a 2017 notice of a $65 fine arising from a lapse in Plaintiff's car insurance coverage; (3) three 2019 notices that Plaintiff's South Carolina license had been suspended for failing to pay fines for moving violations; and (4) Plaintiff's application for a replacement South Carolina driver's license, which is dated April 12, 2022. (ECF 2 at 16-25.) There is also a list of numbers that may represent additional traffic violations from 2016, 2017, and 2018, but it is not clear where they were issued or for what type of infractions. (ECF 2.)

By order dated November 28, 2022, the Court directed Plaintiff to file an amended complaint that complied with federal pleading rules. The Court construed the complaint as asserting a claim, under 42 U.S.C. § 1983, that Plaintiff had been denied due process, but explained that: (1) the DMV is immune from suit for damages under the Eleventh Amendment; and (2) the complaint did not contain a short and plain statement showing that Plaintiff is entitled to relief from the DMV. For these reasons, the Court determined that the complaint failed to state a claim, but granted Plaintiff leave to replead his allegations.

On December 6, 2022, Plaintiff filed an amended complaint against the DMV, which sets forth substantially similar facts and allegations as the original complaint. (ECF 4.) Because the amended complaint does not contain any new allegations, it is deficient for the same reasons discussed in the November 28, 2022 order.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: February 14, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge